| Court: | Circuit | County: | 03 - Boone | Case Number: | CC-03-2020-C-76 |
|---|---|---|---|---|---|
| Judge: | William Thompson | Created Date: | 9/15/2020 | Status: | Open |
| Case Type: | Civil | Case Sub-Type: | Contract | Security Level: | Public |
| Style: | Harry Frank Javins v. Westfield Insurance Company | | | | |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date |
|---|---|---|---|---|---|
| 1-1 | Civil Case Information Statement | E-file | Complaint | | 9/15/2020 |
| 1-2 | Complaint | E-file | Complaint | Plaintiffs' Complaint | 9/15/2020 |
| 1-3 | Supporting Document | E-file | Complaint | Civil Case Information Statement | 9/15/2020 |
| 1-4 | Transmittal | E-file | Complaint | | 9/15/2020 |
| 1-5 | Summons | E-file | Complaint | | 9/15/2020 |
| 11-1 | Service Return | E-file | Service Return - SERVICE RETN OF SUMMONS & COMPLAINT SVD ON WESTFIELD INS CO ON 9/22/2020 BY WVSOS | SERVICE RETN OF SUMMONS & COMPLAINT SVD ON WESTFIELD INS CO ON 9/22/2020 BY WVSOS | 9/25/2020 |
| 11-2 | Transmittal | E-file | Service Return - SERVICE RETN OF SUMMONS & COMPLAINT SVD ON WESTFIELD INS CO ON 9/22/2020 BY WVSOS | | 9/25/2020 |
| 12-1 | Supporting Document | E-file | Supporting Documents - INVOICE REC'D FROM WVSOS FOR SVC ON DEFS IN THE AMT OF $20.00 | INVOICE REC'D FROM WVSOS FOR SVC ON DEFS IN THE AMT OF $20.00 | 9/25/2020 |
| 12-2 | Transmittal | E-file | Supporting Documents - INVOICE REC'D FROM WVSOS FOR SVC ON DEFS IN THE AMT OF $20.00 | | 9/25/2020 |

A COPY ATTEST

*Sue Ann Zickefoose*

CIRCUIT COURT

E-FILED | 9/15/2020 3:25 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickefoose

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

HARRY FRANK JAVINS, JR. and
ELAINE J. JAVINS, husband and wife,

    Plaintiffs,

v.                                          Civil Action No. _____

WESTFIELD INSURANCE COMPANY,                Judge _____

    Defendant.

## **COMPLAINT**

NOW COME the Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins, husband and wife, who for their Complaint against Defendant, Westfield Insurance Company, state as follows:

1.    The Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins (hereinafter "Plaintiffs"), are husband and wife, and are residents of Boone County, West Virginia.

2.    Plaintiffs owned a home located at 459 Second Street, Madison, Boone County, West Virginia (hereinafter referred to as "The Home").

3.    The Defendant, Westfield Insurance Company (hereinafter "Westfield"), is an Ohio corporation licensed to conduct business in the State of West Virginia and authorized to issue policies of insurance in the State of West Virginia.

4.    On or about May 23, 2019, a fire occurred at The Home which resulted in substantial physical damage to the home and the personal property owned by Plaintiffs.

5.    Following the May 23, 2019 fire, Plaintiffs received a Notice of Condemnation and Order to Vacate the Premises due to the substantial damage to The Home and personal property on the premises.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

6.    At the time of the May 23, 2019 fire, The Home and the Plaintiffs' personal property were insured through a Westfield policy bearing Policy No. HOP 2164093, with effective dates of May 29, 2018 through May 29, 2019 (hereinafter "The Policy"). The Policy is not attached to this Complaint inasmuch as it is already in the possession of Westfield.

7.    The Plaintiffs presented timely claims to Westfield for the damage to The Home and their personal property which resulted from the May 23, 2019 fire.

8.    Westfield has illegitimately refused to pay the Plaintiffs all of the benefits to which they are entitled under the Westfield Policy insuring The Home and their personal property.

9.    On December 23, 2019, seven months after The Home and the Plaintiffs' personal property were destroyed by fire, Westfield issued two letters to Plaintiffs, one addressed to Plaintiff Harry Frank Javins, Jr. (hereinafter "Plaintiff-Husband") and one addressed to Plaintiff Elaine J. Javins (hereinafter "Plaintiff-Wife").

10.    In the December 23, 2019 letter addressed to Plaintiff-Husband, Westfield asserted that the fire had been caused by arson and that the arson had been committed by Plaintiff-Husband, that Plaintiff-Husband intentionally concealed and/or misrepresented material facts, engaged in fraudulent conduct, and/or made false statements related to his claim and, therefore, the damages caused by the fire would not be compensable under The Policy.

11.    In the December 23, 2019 letter addressed to Plaintiff-Wife, Westfield again asserted that the fire had been caused by arson committed by Plaintiff-Husband, and informed Plaintiff-Wife that Westfield would only be issuing a check in the amount

of $130,000.00, payable to Plaintiff-Wife and to the mortgagee, Premier Bank, for The Home, which constituted Plaintiff-Wife's one-half interest in the property covered at the time of the loss.

12.    In March of 2020, Plaintiffs submitted to Westfield a full inventory of all personal property that was destroyed as a result of the May 23, 2019 fire.

13.    On March 24, 2020, Westfield sent a letter to Plaintiff-Wife instructing her to identify on the inventory form whether the items claimed were martial property, pre-marital property or gifts which were solely Plaintiff-Wife's property.

14.    On April 13, 2020, Plaintiff-Wife wrote to Westfield informing Westfield that the inventory form Plaintiffs were required to submit did not request Plaintiffs to specify the type of property and that all destroyed property was martial property.

15.    On May 26, 2020, Westfield sent another letter to Plaintiff-Wife stating that in order for Westfield to evaluate Plaintiff-Wife's personal property claim, Plaintiff-Wife needed to provide invoices, receipts, owner manuals or other supporting documents.

16.    On June 13, 2020, Plaintiff-Wife, again, wrote to Westfield informing Westfield that all the personal property at The Home was destroyed by the May 23, 2019 fire, and Plaintiffs subsequently had no invoices, photographs, and/or receipts of the personal property destroyed.

17.    By letter dated July 6, 2020, Westfield informed Plaintiff-Wife that it would pay $61,872.07 for the destroyed martial personal property, which amount Westfield indicated was one-half of the actual cash value of the destroyed personal property.

3

18.   Westfield did not make any additional offers to compensate Plaintiffs for the full value of the damage to The Home or for Plaintiffs' personal property that was lost in the fire, and continued to refuse to make any offer to pay for Plaintiff-Husband's interest in The Home or his personal property.

19.   As a result of Westfield's illegitimate and unfounded accusations and its refusal to pay Plaintiffs' claim in full, Plaintiffs were forced to hire counsel to represent and protect their interests.

20.   On August 5, 2020, Plaintiffs, through counsel, informed Westfield that Plaintiffs would release Westfield from all liability and Plaintiffs would not be charged any attorney fee if Westfield would simply pay all benefits due and owing to Plaintiffs under The Policy.

21.   Westfield has yet to respond to Plaintiffs' request that Westfield tender all policy benefits due and owing to Plaintiffs.

## COUNT I – BREACH OF CONTRACT

22.   The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

23.   At all relevant times, the Plaintiffs were insured through Westfield, under a Westfield policy of insurance bearing Policy No. HOP 2164093, and all premiums due and owing on this Policy were paid in full as of May 23, 2019.

24.   The Westfield Policy No. HOP 2164093 provided coverage to the Plaintiffs for losses at The Home for the Plaintiffs' personal property located at The Home.

25.   Plaintiffs presented a timely claim to Westfield, under Policy No. HOP 2164093 for the loss of The Home and for their personal property resulting from the

May 23, 2019 fire, and Plaintiffs have complied with all of the requirements and provisions included in Policy No. HOP 2164093.

26.     Plaintiffs are entitled under Policy No. HOP 2164093 to recover additional benefits due and owing for the loss of The Home and for the loss of their personal property as a result of the May 23, 2019 fire.

27.     Westfield has refused to pay the Plaintiffs the full measure of benefits due and owing under Policy No. HOP 2164093 for Plaintiffs' losses.

28.     The failure to pay all benefits due and owing under Policy No. HOP 2164093 for Plaintiffs' loss of The Home and their personal property constitutes a breach of contract for which Westfield is liable, together with interest, costs and attorney fees.

## COUNT II – BAD FAITH

29.     The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

30.     Implied in the policy of insurance issued by Westfield Policy No. HOP 2164093 was a covenant requiring Westfield to adjust, evaluate and negotiate the Plaintiffs' claims fairly and in good faith.

31.     Westfield breached the implied covenant of good faith and fair dealing in connection with its handling of Plaintiffs' claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

32.     Westfield, by and through its agents, representatives, and/or employees, failed to undertake reasonable efforts to investigate, negotiate and adjust the Plaintiffs' claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

33.     Westfield, by and through its agents, representatives, and/or employees, failed to reasonably and timely pay the benefits due and owing to the Plaintiffs under Policy No. HOP 2164093 for the damage to The Home and personal property resulting from the May 23, 2019 fire.

34.     Westfield illegitimately and unjustifiably accused Plaintiff-Husband of arson in connection with the May 23, 2019 fire in an effort to intimidate the Plaintiffs and discourage them from pursuing all insurance policy benefits to which they were entitled.

35.     As a result of Westfield's breach of the implied covenant of good faith and fairing dealing, the Plaintiffs were forced to incur expenses and costs, including attorneys' fees, to pursue their claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

36.     As a further result of Westfield's breach of the implied covenant of good faith and fair dealing, the Plaintiffs experienced inconvenience, aggravation, annoyance, anxiety, humiliation, embarrassment, fear, worry, concern and/or other mental and emotional distress.

37.     Westfield intentionally and/or with a conscious disregard for the rights of the insureds, failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in Policy No. HOP 2164093.

38.     Westfield's conduct in connection with its handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire was illegitimate, intentional, without basis in law or fact and done with a malicious and/or conscious disregard for the rights of the Plaintiffs.

39.     The acts and omissions of Westfield by and through its agents, representatives, and/or employees, in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire were so outrageous that the Plaintiffs are entitled to recover punitive damages from Westfield in order to punish it and to deter it, and other insurance companies, from engaging in similar conduct in the future.

## COUNT III – UNFAIR CLAIMS SETTLEMENT PRACTICES

40.     The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

41.     The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, violate multiple provisions of Title 114, Series 14 of the Legislative Rules of Insurance Commissioner of the State of West Virginia.

42.     The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, violated W.Va. Code § 33-11-4(9) in at least the following particulars:

a.     Failing to adopt and implement reasonable standards for the prompt and proper investigation of claims arising under insurance policies;

    b.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiffs' claims when liability had become clear;

    c.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

    d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information; and

    e.    Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

43.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were committed and/or performed with such frequency as to indicate a general business practice.

44.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were intentional, willful and outrageous in character and were done in bad faith and/or with conscious disregard of the Plaintiffs' rights.

45.    The acts and omissions of Westfield by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the

damage to The Home and their personal property resulting from the May 23, 2019 fire, caused the Plaintiffs to sustain severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, fear, worry, concern, anxiety and other general damages, some of which are reasonably certain to continue into the future.

46.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, caused the Plaintiffs to incur substantial costs, expenses, and attorney fees.

47.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were so outrageous that the Plaintiffs are entitled to recover punitive damages from Westfield in order to punish it and deter it, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins, seek judgment against the Defendant, Westfield Insurance Company, for all benefits due to them pursuant to Policy No. HOP 2164093 and for compensatory and punitive damages in an amount within the jurisdiction of this Court to be determined by a jury, pre-judgment and post-judgment interest, attorney fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

HARRY FRANK JAVINS, JR. and ELAINE J.
JAVINS, Husband and Wife, Plaintiffs

By: _____

SCOTT S. BLASS (#4628)
JUSTIN J. SELEP (#13771)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
SBlass@bordaslaw.com
JSelep@bordaslaw.com

and

CHRISTOPHER HEAVENS (#5776)
HEAVENS LAW FIRM, PLLC
2438 Kanawha Boulevard, East
Charleston, WV 25337
Telephone: (304) 346-0464
Chris@heavenslaw.com
*Co-Counsel for Plaintiffs*

# COVER SHEET

E-FILED | 9/15/2020 3:25 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickefoose

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BOONE COUNTY WEST VIRGINIA
**Harry Frank Javins v. Westfield Insurance Company**

**First Plaintiff:**
☐ Business  ☑ Individual
☐ Government  ☐ Other

**First Defendant:**
☑ Business  ☐ Individual
☐ Government  ☐ Other

**Judge:** William Thompson

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Contract

**Origin:**  ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes  ☐ No     **Case will be ready for trial by:** 9/15/2021

**Mediation Requested:** ☐ Yes  ☑ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

    ☐ Wheelchair accessible hearing room and other facilities

    ☐ Interpreter or other auxiliary aid for the hearing impaired

    ☐ Reader or other auxiliary aid for the visually impaired

    ☐ Spokesperson or other auxiliary aid for the speech impaired

    ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Scott Blass, 1358 National Rd, Wheeling, WV 26003

## SERVED PARTIES

**Name:**       Westfield Insurance Company

**Address:**    John Batchelder One Park Circle, Westfield Center OH 44251

**Days to Answer:** 30              **Type of Service:** Secretary of State - Certified - Including Copy Fee

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOSE

RECEIVED

FILED | 9/25/2020 12:09 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickefoose



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

BOONE COUNTY CIRCUIT COURT
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 263460 | **Agent:** John Batchelder |
| **Defendant:** WESTFIELD INSURANCE COMPANY | **County:** Boone |
| One Park Circle | **Civil Action:** 20-C-76 |
| Westfield Center, OH 44251 US | **Certified Number:** 92148901125134100002767621 |
| | **Service Date:** 9/22/2020 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your authorized insurance company as your attorney-in-fact.  Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the
Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State



West Virginia E-Filing Notice



CC-03-2020-C-76

Judge: William Thompson

**To:**   Westfield Insurance Company
John Batchelder
One Park Circle
Westfield Center, OH 44251

# NOTICE OF FILING

### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Harry Frank Javins v. Westfield Insurance Company
CC-03-2020-C-76

The following complaint was FILED on 9/15/2020 3:25:38 PM

Notice Date:     9/15/2020 3:25:38 PM

Sue Zickefoose
CLERK OF THE CIRCUIT
Boone
200 State Street, Suite 202
MADISON, WV 25130

(304) 369-7321
sue.zickefoose@courtswv.gov

# SUMMONS



---

## IN THE CIRCUIT OF BOONE WEST VIRGINIA
### Harry Frank Javins v. Westfield Insurance Company

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Westfield Insurance Company, John Batchelder, One Park Circle, Westfield Center, OH 44251

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Scott Blass, 1358 National Rd, Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

| 9/15/2020 3:25:38 PM | /s/ Sue Zickefoose |
|---|---|
| Date | Clerk |

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# COVER SHEET



---

# GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BOONE COUNTY WEST VIRGINIA

### Harry Frank Javins v. Westfield Insurance Company

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**Judge:** William Thompson

---

# COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Contract

---

**Origin:** ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

---

**Jury Trial Requested:** ☑ Yes ☐ No     **Case will be ready for trial by:** 9/15/2021

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

---

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Scott Blass, 1358 National Rd, Wheeling, WV 26003

# SERVED PARTIES

| | |
|---|---|
| **Name:** | Westfield Insurance Company |
| **Address:** | John Batchelder One Park Circle, Westfield Center OH 44251 |
| **Days to Answer:** 30 | **Type of Service:** Secretary of State - Certified - Including Copy Fee |



IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

HARRY FRANK JAVINS, JR. and
ELAINE J. JAVINS, husband and wife,

       Plaintiffs,

v.                              Civil Action No. _____

WESTFIELD INSURANCE COMPANY,      Judge _____

       Defendant.

## <u>COMPLAINT</u>

NOW COME the Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins, husband and wife, who for their Complaint against Defendant, Westfield Insurance Company, state as follows:

1.     The Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins (hereinafter "Plaintiffs"), are husband and wife, and are residents of Boone County, West Virginia.

2.     Plaintiffs owned a home located at 459 Second Street, Madison, Boone County, West Virginia (hereinafter referred to as "The Home").

3.     The Defendant, Westfield Insurance Company (hereinafter "Westfield"), is an Ohio corporation licensed to conduct business in the State of West Virginia and authorized to issue policies of insurance in the State of West Virginia.

4.     On or about May 23, 2019, a fire occurred at The Home which resulted in substantial physical damage to the home and the personal property owned by Plaintiffs.

5.     Following the May 23, 2019 fire, Plaintiffs received a Notice of Condemnation and Order to Vacate the Premises due to the substantial damage to The Home and personal property on the premises.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

6.     At the time of the May 23, 2019 fire, The Home and the Plaintiffs' personal property were insured through a Westfield policy bearing Policy No. HOP 2164093, with effective dates of May 29, 2018 through May 29, 2019 (hereinafter "The Policy"). The Policy is not attached to this Complaint inasmuch as it is already in the possession of Westfield.

7.     The Plaintiffs presented timely claims to Westfield for the damage to The Home and their personal property which resulted from the May 23, 2019 fire.

8.     Westfield has illegitimately refused to pay the Plaintiffs all of the benefits to which they are entitled under the Westfield Policy insuring The Home and their personal property.

9.     On December 23, 2019, seven months after The Home and the Plaintiffs' personal property were destroyed by fire, Westfield issued two letters to Plaintiffs, one addressed to Plaintiff Harry Frank Javins, Jr. (hereinafter "Plaintiff-Husband") and one addressed to Plaintiff Elaine J. Javins (hereinafter "Plaintiff-Wife").

10.    In the December 23, 2019 letter addressed to Plaintiff-Husband, Westfield asserted that the fire had been caused by arson and that the arson had been committed by Plaintiff-Husband, that Plaintiff-Husband intentionally concealed and/or misrepresented material facts, engaged in fraudulent conduct, and/or made false statements related to his claim and, therefore, the damages caused by the fire would not be compensable under The Policy.

11.    In the December 23, 2019 letter addressed to Plaintiff-Wife, Westfield again asserted that the fire had been caused by arson committed by Plaintiff-Husband, and informed Plaintiff-Wife that Westfield would only be issuing a check in the amount

2

of $130,000.00, payable to Plaintiff-Wife and to the mortgagee, Premier Bank, for The Home, which constituted Plaintiff-Wife's one-half interest in the property covered at the time of the loss.

12.     In March of 2020, Plaintiffs submitted to Westfield a full inventory of all personal property that was destroyed as a result of the May 23, 2019 fire.

13.     On March 24, 2020, Westfield sent a letter to Plaintiff-Wife instructing her to identify on the inventory form whether the items claimed were martial property, pre-marital property or gifts which were solely Plaintiff-Wife's property.

14.     On April 13, 2020, Plaintiff-Wife wrote to Westfield informing Westfield that the inventory form Plaintiffs were required to submit did not request Plaintiffs to specify the type of property and that all destroyed property was martial property.

15.     On May 26, 2020, Westfield sent another letter to Plaintiff-Wife stating that in order for Westfield to evaluate Plaintiff-Wife's personal property claim, Plaintiff-Wife needed to provide invoices, receipts, owner manuals or other supporting documents.

16.     On June 13, 2020, Plaintiff-Wife, again, wrote to Westfield informing Westfield that all the personal property at The Home was destroyed by the May 23, 2019 fire, and Plaintiffs subsequently had no invoices, photographs, and/or receipts of the personal property destroyed.

17.     By letter dated July 6, 2020, Westfield informed Plaintiff-Wife that it would pay $61,872.07 for the destroyed martial personal property, which amount Westfield indicated was one-half of the actual cash value of the destroyed personal property.

18.     Westfield did not make any additional offers to compensate Plaintiffs for the full value of the damage to The Home or for Plaintiffs' personal property that was lost in the fire, and continued to refuse to make any offer to pay for Plaintiff-Husband's interest in The Home or his personal property.

19.     As a result of Westfield's illegitimate and unfounded accusations and its refusal to pay Plaintiffs' claim in full, Plaintiffs were forced to hire counsel to represent and protect their interests.

20.     On August 5, 2020, Plaintiffs, through counsel, informed Westfield that Plaintiffs would release Westfield from all liability and Plaintiffs would not be charged any attorney fee if Westfield would simply pay all benefits due and owing to Plaintiffs under The Policy.

21.     Westfield has yet to respond to Plaintiffs' request that Westfield tender all policy benefits due and owing to Plaintiffs.

### COUNT I – BREACH OF CONTRACT

22.     The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

23.     At all relevant times, the Plaintiffs were insured through Westfield, under a Westfield policy of insurance bearing Policy No. HOP 2164093, and all premiums due and owing on this Policy were paid in full as of May 23, 2019.

24.     The Westfield Policy No. HOP 2164093 provided coverage to the Plaintiffs for losses at The Home for the Plaintiffs' personal property located at The Home.

25.     Plaintiffs presented a timely claim to Westfield, under Policy No. HOP 2164093 for the loss of The Home and for their personal property resulting from the

4

May 23, 2019 fire, and Plaintiffs have complied with all of the requirements and provisions included in Policy No. HOP 2164093.

26. Plaintiffs are entitled under Policy No. HOP 2164093 to recover additional benefits due and owing for the loss of The Home and for the loss of their personal property as a result of the May 23, 2019 fire.

27. Westfield has refused to pay the Plaintiffs the full measure of benefits due and owing under Policy No. HOP 2164093 for Plaintiffs' losses.

28. The failure to pay all benefits due and owing under Policy No. HOP 2164093 for Plaintiffs' loss of The Home and their personal property constitutes a breach of contract for which Westfield is liable, together with interest, costs and attorney fees.

## COUNT II – BAD FAITH

29. The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

30. Implied in the policy of insurance issued by Westfield Policy No. HOP 2164093 was a covenant requiring Westfield to adjust, evaluate and negotiate the Plaintiffs' claims fairly and in good faith.

31. Westfield breached the implied covenant of good faith and fair dealing in connection with its handling of Plaintiffs' claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

32. Westfield, by and through its agents, representatives, and/or employees, failed to undertake reasonable efforts to investigate, negotiate and adjust the Plaintiffs' claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

5

33. Westfield, by and through its agents, representatives, and/or employees, failed to reasonably and timely pay the benefits due and owing to the Plaintiffs under Policy No. HOP 2164093 for the damage to The Home and personal property resulting from the May 23, 2019 fire.

34. Westfield illegitimately and unjustifiably accused Plaintiff-Husband of arson in connection with the May 23, 2019 fire in an effort to intimidate the Plaintiffs and discourage them from pursuing all insurance policy benefits to which they were entitled.

35. As a result of Westfield's breach of the implied covenant of good faith and fairing dealing, the Plaintiffs were forced to incur expenses and costs, including attorneys' fees, to pursue their claims for the damage to The Home and personal property resulting from the May 23, 2019 fire.

36. As a further result of Westfield's breach of the implied covenant of good faith and fair dealing, the Plaintiffs experienced inconvenience, aggravation, annoyance, anxiety, humiliation, embarrassment, fear, worry, concern and/or other mental and emotional distress.

37. Westfield intentionally and/or with a conscious disregard for the rights of the insureds, failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in Policy No. HOP 2164093.

38. Westfield's conduct in connection with its handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire was illegitimate, intentional, without basis in law or fact and done with a malicious and/or conscious disregard for the rights of the Plaintiffs.

6

39.    The acts and omissions of Westfield by and through its agents, representatives, and/or employees, in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire were so outrageous that the Plaintiffs are entitled to recover punitive damages from Westfield in order to punish it and to deter it, and other insurance companies, from engaging in similar conduct in the future.

### COUNT III – UNFAIR CLAIMS SETTLEMENT PRACTICES

40.    The Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

41.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, violate multiple provisions of Title 114, Series 14 of the Legislative Rules of Insurance Commissioner of the State of West Virginia.

42.    The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, violated W.Va. Code § 33-11-4(9) in at least the following particulars:

a.    Failing to adopt and implement reasonable standards for the prompt and proper investigation of claims arising under insurance policies;

b.   Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiffs' claims when liability had become clear;

c.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

d.   Refusing to pay claims without conducting a reasonable investigation based upon all available information; and

e.   Failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

43.   The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were committed and/or performed with such frequency as to indicate a general business practice.

44.   The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were intentional, willful and outrageous in character and were done in bad faith and/or with conscious disregard of the Plaintiffs' rights.

45.   The acts and omissions of Westfield by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the

8

damage to The Home and their personal property resulting from the May 23, 2019 fire, caused the Plaintiffs to sustain severe emotional distress, mental anguish, inconvenience, annoyance, humiliation, embarrassment, aggravation, fear, worry, concern, anxiety and other general damages, some of which are reasonably certain to continue into the future.

46.     The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, caused the Plaintiffs to incur substantial costs, expenses, and attorney fees.

47.     The acts and omissions of Westfield, by and through its agents, representatives, and/or employees in the handling of the Plaintiffs' claims for the damage to The Home and their personal property resulting from the May 23, 2019 fire, were so outrageous that the Plaintiffs are entitled to recover punitive damages from Westfield in order to punish it and deter it, and other insurance companies, from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs, Harry Frank Javins, Jr. and Elaine J. Javins, seek judgment against the Defendant, Westfield Insurance Company, for all benefits due to them pursuant to Policy No. HOP 2164093 and for compensatory and punitive damages in an amount within the jurisdiction of this Court to be determined by a jury, pre-judgment and post-judgment interest, attorney fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and such other relief as this Court deems proper.

9

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

HARRY FRANK JAVINS, JR. and ELAINE J.
JAVINS, Husband and Wife, Plaintiffs

By: _____

SCOTT S. BLASS (#4628)
JUSTIN J. SELEP (#13771)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
SBlass@bordaslaw.com
JSelep@bordaslaw.com

and

CHRISTOPHER HEAVENS (#5776)
HEAVENS LAW FIRM, PLLC
2438 Kanawha Boulevard, East
Charleston, WV 25337
Telephone: (304) 346-0464
Chris@heavenslaw.com
*Co-Counsel for Plaintiffs*

10

E-FILED 9/15/2020 3:25 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickafoose

IN THE CIRCUIT COURT OF _____ **BOONE** _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. _____ |
| HARRY FRANK JAVINS and ELAINE JAVINS | Judge: _____ |
| 155 Presidio Point | |
| Cross Lanes, WV 25313-1591 | |
| **vs.** | |

| | Days to Answer | Type of Service |
|---|---|---|
| **Defendant(s)** | | |
| WESTFIELD INSURANCE COMPANY | 30 | Secretary of State |
| Name | | |
| John Batchelder/One Park Circle | | |
| Street Address | | |
| Westfield Center, OH 44251 | | |
| City, State, Zip Code | | |

**II. TYPE OF CASE:**

| | |
|---|---|
| ☑ General Civil | ☐ Adoption |
| ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]* | ☐ Administrative Agency Appeal |
|   ☐ Asbestos | ☐ Civil Appeal from Magistrate Court |
|   ☐ FELA Asbestos | ☐ Miscellaneous Civil Petition |
|   ☐ Other: _____ | ☐ Mental Hygiene |
| ☐ Habeas Corpus/Other Extraordinary Writ | ☐ Guardianship |
| ☐ Other: _____ | ☐ Medical Malpractice |

**III. JURY DEMAND:** ☑ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  09 / 2021

| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?** <br><br> ☐ Yes ☑ No | **IF YES, PLEASE SPECIFY:** <br> ☐ Wheelchair accessible hearing room and other facilites <br> ☐ Reader or other auxiliary aid for the visually impaired <br> ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing <br> ☐ Spokesperson or other auxiliary aid for the speech impaired <br> ☐ Foreign language interpreter-specify language: _____ <br> ☐ Other: _____ |
|---|---|

| Attorney Name:  Scott S. Blass (4628), Justin J. Selep (43771) | Representing: |
|---|---|
| Firm: Bordas & Bordas, PLLC | ☑ Plaintiff ☐ Defendant |
| Address: 1358 National Road, Wheeling, WV 26003 | ☐ Cross-Defendant ☐ Cross-Complainant |
| Telephone: (304) 242-8410 | ☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant |
| ☐ **Proceeding Without an Attorney** | |

Original and ___2___ copies of complaint enclosed/attached.

Dated: 09 / 15 / 2020     Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)     Revision Date: 12/2015

FILED | 9/25/2020 12:11 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickefoose

**Mac Warner**
**Secretary of State**
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770
Phone: 304-558-6000
Toll-free: 866-767-8683

BOONE COUNTY
CIRCUIT CLERK
SUE ANN ZICKEFOOS

RECEIVED

**Invoice**

| | |
|---|---|
| Date: | 09/21/2020 |
| Invoice #: | 534307 |

Bill to:
BOONE COUNTY CIRCUIT COURT
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

Reference: 20-C-76

Reference #: 20-C-76
Defendant name: WESTFIELD INSURANCE COMPANY
County: BOONE

## Invoice summary

| Service | Service # | Qty | Unit Cost | Subtotal | Description |
|---|---|---|---|---|---|
| Service - US defendant | 15 | 1 | $20.00 | $20.00 | Filing fee for case #20-C-76 |
| **Remaining balance (pay this amount):** | | | | **$20.00** | |

## Payment methods

**Payment is due at time of service.**
Accepted payment methods are check, credit card, or Intergovernmental Transfer (IGT).

## Intergovernmental transfer

State agencies using IGT: please follow the WVOASIS allocation instructions below for each billed item:
**Make sure to specify INVOICE ID #534307.**

| Service Id | OASIS Account # Fund \| Dept \| Unit \| Rev \|Function | Invoice Id | Amount |
|---|---|---|---|
| 15 | 0155-1600-1003-5592-5712 | 534307 | $10.00 |
| | 1612-1600-1003-6696-5712 | 534307 | $10.00 |

## SUMMONS

E-FILED | 9/15/2020 3:25 PM
CC-03-2020-C-76
Boone County Circuit Clerk
Sue Zickefoose

### IN THE CIRCUIT OF BOONE WEST VIRGINIA
### Harry Frank Javins v. Westfield Insurance Company

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Westfield Insurance Company, John Batchelder, One Park Circle, Westfield Center, OH 44251

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Scott Blass, 1358 National Rd, Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 9/15/2020 3:25:38 PM | /s/ Sue Zickefoose |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |